IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAKHESHA COLEMAN, § § Plaintiff, § § V. § § THE PRUDENTIAL ASSIGNED § SETTLEMENTS SERVICES § CORPORATION, § § Defendant. § | No. 3:23-cv-1965-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Lakhesha Coleman filed a *pro se* lawsuit against Defendant Prudential Structured Settlement in a Dallas County, Texas state court seeking to cancel the structured settlement payments owed to her under a structured settlement annuity. *See* Dkt. No. 1-4.

The Prudential Assigned Settlement Services Corporation removed Coleman's lawsuit under 28 U.S.C. §§ 1332, 1441, and 1446. *See* Dkt. No. 1.

United States District Judge Brantley Starr referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And Prudential has moved to dismiss Coleman's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 7 & 8.

Preliminarily, the discrepancy between the name of the defendant sued in state court and the name of the party removing Coleman's lawsuit caused the Court to

question whether jurisdiction under Section 1332 existed at the time of removal. *See* Dkt. No. 9; *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

But Prudential has persuasively explained that a misnomer (as opposed to a misidentification) did not prevent removal by the defendant sued in state court. *See* Dkt. Nos. 10 & 11; *see also Hunt v. Meridian Sec. Ins. Co. State Auto Ins. Cos.*, No. 3:23-cv-441-G-BN, 2024 WL 386162, at *2 (N.D. Tex. Jan. 18, 2024) ("'In Texas, a misnomer exists when a plaintiff sues the correct entity under a mistaken name; a misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity.' And, like here, '[w]hen the correct party sues or is sued under the incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.'" (cleaned up; quoting *Casas v. Anthony Mech. Servs., Inc.*, No. 5:21-cv-168-H, 2022 WL 541787, at *2-*3 (N.D. Tex. Feb. 23, 2022))), *rec. accepted*, 2024 WL 384928 (N.D. Tex. Feb. 1, 2024).

Offered the opportunity to respond to the subject matter jurisdiction concerns or otherwise move to remand this lawsuit, *see* Dkt. No. 9 at 12, Coleman failed to do so. Coleman also failed to respond to the motion to dismiss as allowed by the Court's local civil rules. *See* N.D. TEX. L. CIV. R. 7.1(e); *Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) ("Pursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure.'").

So the undersigned now considers Prudential's motion to dismiss and enters these findings of fact, conclusions of law, and recommendation that, for the reasons set out below, the Court should grant the motion and dismiss this lawsuit with prejudice.

**Discussion**

To succeed, a motion to dismiss "must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

That is the case here, where Coleman requests that a structured settlement annuity put in place after the death of her spouse "be cancelled and that the remaining balance be released without penalties and in full to [her] immediately because she "has experienced unexpected financial hardship including significant loss of wages and health issues." Dkt. No. 1-4 at 3-4.

Plainly put, Coleman's requested relief is neither supported by the annuity contract (attached to the motion to dismiss) nor Texas law. *See* Dkt. No. 8 at 5-15; *id.* at 11, ¶ 7 ("None of the Periodic Payments and no rights to or interest in any of the Periodic Payments can be … accelerated, deferred, increased, or decreased by any recipient of any Periodic Payments."); *Weaver v. Metro. Life Ins. Co.*, 287 F. Supp. 3d 645, 649 (N.D. Tex. 2017) (where, as here, the court exercised diversity jurisdiction and thus applied Texas contract law to the annuity agreement at issue, under which "'the primary concern … is to ascertain the true intent of the parties as expressed in the instrument,'" the court found that, "[a]fter reviewing the documents at issue, [it]

agree[d] with the MetLife parties that Hickey had the sole right, prior to his death, to change the beneficiary of the periodic payments" because "[t]he settlement agreement signed by Weaver unambiguously gave Hickey that right" (quoting *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004))); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993))); *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011) ("[W]hen a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim.").

### Recommendation

The Court should grant the motion to dismiss [Dkt. No. 7] and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 10, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE